### HOWE v. CHICAGO, BURLINGTON & QUINCY RY. CO.

1. FAILURE TO ALLEGE OWNERSHIP—WHEN REVIEWING COURT WILL NOT DISTURB JUDGMENT.

Where the evidence discloses ownership in the plaintiff, and the case was tried upon that theory, and no demurrer was filed to the petition, the judgment will not be disturbed by a reviewing court for failure to allege ownership in the petition.

**2. RULE APPLIED.**

A case in which it appears, and the reviewing court has previously held, that consignor had such an interest in the goods that he had a right to stop them *in transitu*, provided consignee was insolvent, and that defendant railway recognized that right, and made a new agreement with consignor, whereby the company agreed and undertook to deliver the goods to one other than consignor, whereby they were lost, is entirely consistent with ownership, and is within the rule above stated.

SWING, J.

We have been asked upon a motion for a rehearing to affirm the judgment of the court of common pleas for the reason that the petition does not state a cause of action in the plaintiff.

No demurrer was filed to the petition, and the case went to trial upon the petition and the answer, and upon the conclusion of the plaintiff's evidence, on motion of the defendant, the court directed the jury to return a verdict for the defendant. The reason urged, why there is no cause of action stated in the petition, is that there is no allegation that Howe was ever the owner of the goods and had any right in them at the time of delivery to the railroad company.

This is undoubtedly the first time that this point has been raised. It was not argued before this court, when the case was submitted, and it is not reasonable to believe that it was presented to the court below, and was a reason for the judgment of that court, for the evidence discloses the fact that Howe was the owner of the goods in question, and sold them to one Lee; and that court would undoubtedly have permitted an amendment to the petition, to correspond with the facts, upon the mere suggestion of this point. What is alleged is entirely consistent with ownership. And the pleader evidently supposed he had stated facts showing ownership. We would be very reluctant indeed to affirm the judgment on this ground, under the circumstances here presented.

But we do not think the point well taken, when applied to the position taken by us upon the decision of the case. Our opinion, Howe v. Ry. Co., *ante*, 182, was that the consignor had such an interest in the goods shipped to the consignee that he had the right to stop the goods *in transitu*, provided the consignee was insolvent, and that the defendant railway company in this case recognized that right, and made a new agreement with the consignor, Howe, whereby the company agreed and undertook to deliver the goods to one other than the consignor, whereby the goods were lost; and this contract was made with the Chicago, Burlington & Quincy Railway Co. and not the Cincinnati, Hamilton & Dayton Railway Co., and it is this contract that is set out, and for the violation of which plaintiff is entitled to recover, if at all, and not upon the contract to deliver to Lee. This contract was made with Howe, and is set out and was not subject to a demurrer.

Judgment will be entered as originally ordered.

*Follett & Kelley*, for plaintiff.

*A. B. Benedict*, for the railway company.